IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUM KAPLAN, | ) Civil Action No. _____ |
| Plaintiff, | ) |
| vs. | ) |
| AMERICAN SPECIALTY ALLOYS, INC., and ROGER D. BOGGS, Individually | ) **ELECTRONICALLY FILED** |
| Defendants. | ) |

## COMPLAINT

Plaintiff, complaining of the Defendants and by and through their undersigned counsel allege and state as follows:

## PARTIES

1. Plaintiff, Naum Kaplan ("Kaplan") is a Pennsylvania resident with an address of 121 Drake Drive, Monroeville, Allegheny County, Pennsylvania, 15146.

2. Defendant American Specialty Alloys, Inc. ("ASA") is a Mississippi Corporation with a last-known mailing address of 70 Wilcut Block Road, Columbus, Mississippi, 39701 and a service address of 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

3. Defendant Roger Boggs ("Boggs") is an adult individual and Chief Executive Officer of ASA with a business address of 2005 Vandevelde Avenue, Alexandria, Louisiana, 71301. It is believed and therefore averred that Boggs is a resident of Mississippi.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction over this action exists based on 28 U.S.C. § 1332 (a) (1), because this action involves claims between citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

5. Pursuant to 28 U.S.C. § 1391, this action is properly brought in the Western District of Pennsylvania, because a substantial part of the events or omissions giving rise to the claims in this action occurred in this district.

6. Pennsylvania law applies, as this matter involves a Pennsylvania resident, working from a Pennsylvania address, and the underlying legal issues involve a Pennsylvania statute.

## FACTUAL BACKGROUND

7. On December 17, 2014, Boggs on behalf of ASA, offered Kaplan the position of Vice President of Technology with ASA.

8. Kaplan accepted the offer of employment from Boggs.

9. Kaplan was physically present in Pennsylvania when he accepted the offer of employment from Boggs.

10. Boggs is the principal officer of ASA and at all times material hereto was actively involved in all corporate decision making, to include the hiring and employment of Kaplan.

11. The terms of employment with ASA were contained in an offer letter attached hereto as Exhibit A[1].

---

[1] The amount of Kaplan's salary has been redacted from Exhibit A. A full, unredacted copy can be provided at the Court's convenience *in camera* or subject to a protective Order.

12. Exhibit A, signed by Boggs, set forth certain vague conditions precedent and a deadline on which Kaplan was to return a signed confirmation of the offer of employment.

13. Kaplan complied with all conditions precedent with Exhibit A and returned a signed confirmation of the offer prior to the aforementioned deadline, a true and correct copy of which is attached hereto as Exhibit B.

14. Kaplan began work for ASA on January 12, 2015 from his office in Pennsylvania, as per the terms of Exhibit A in the capacity of Vice President of Technology.

15. ASA provided Kaplan with an employee handbook on or about the date on which Kaplan began employment with ASA (the "ASA Employee Handbook").

16. The ASA Employee Handbook stated that the pay period for employees was the 15th and the 30th of each month.

17. However, upon Kaplan's hiring, Boggs expressly stated to Kaplan that Kaplan would be paid once a month on the last work day of each month.

18. Kaplan performed as promised and as required for ASA.

19. Kaplan served as a full-time employee of ASA at all times material hereto and fully discharged his duties as Vice President of Technology.

20. Despite performing as an employee for ASA since January 12, 2015, ASA has failed to pay Kaplan a single penny of wages to which he is entitled.

21. Kaplan also was to be reimbursed by ASA for work-related expenses, and was to receive paid vacation and other benefits.

22. Despite submitting expenses as requested by ASA, ASA has not reimbursed Kaplan for any expenses, nor has ASA paid Kaplan for any unused employee benefits.

23. Despite Boggs making numerous written and oral promises to pay Kaplan directly and through Robert Smith, COO of ASA, Kaplan never received any compensation or reimbursement of expenses.

24. The failure of ASA to pay Kaplan is unwarranted and inexcusable.

25. The failure of ASA to compensate Kaplan is an intentional act by ASA and Boggs to obtain Kaplan's services at no cost.

26. It is believed and therefore averred that at all times relevant hereto, ASA knew it lacked funding or capacity to compensate Kaplan.

27. It is believed and therefore averred that Defendant Boggs personally and financially benefitted from the services provided by Kaplan.

### **FIRST CLAIM FOR RELIEF**

**(Pennsylvania Wage Payment and Collection Law Violations)**

**Kaplan v. ASA and Roger Boggs**

28. Paragraphs 1 through 26 above are realleged and incorporated herein by reference.

29. The Pennsylvania Wage Payment and Collection Law (the "Wage Law") requires employers to pay their employees. 43 P.S. § 260.1, *et seq*.

30. ASA was obligated under the Wage Law to pay Kaplan wages on "regular paydays" designated in advance by ASA.

31. All wages, other than fringe benefits and supplements, earned in any pay period were due and payable to Kaplan within the standard time lapse customary in the trade or within 15 (fifteen) days from the end of such pay period.

32. Kaplan believes and therefore avers that a regular pay period would end either on the last working day of each month or on the 15th or the last day of each month.

33. ASA was and is obligated under the Wage Law to notify Kaplan the time and place of payment of wages and any changes thereto.

34. Therefore, ASA has failed to pay any wages to Kaplan in accordance with the Wage Law and is in violation thereof.

35. ASA also failed to reimburse Kaplan for any expenses, all of which were properly submitted to ASA.

36. ASA never disputed the fact that ASA owes wages to Kaplan, nor did ASA ever modify the amounts of wages to be paid to Kaplan.

37. Boggs, as the principal corporate officer who participated in all corporate decision-making, is personally and directly liable for any unpaid wages due Kaplan under the Wage Law, as the definition of "employer" under the Wage Law includes any agent or officer of an employer subject to that statute.

38. Therefore, both ASA and Boggs are both jointly and individually liable to pay Kaplan the principal sum of wages and fringe benefits owed to Kaplan, plus liquidated damages set forth in the Wage Law, plus attorney fees, plus interest, plus any other damages allowed by law or determined by this Court.

WHEREFORE, Plaintiff Naum Kaplan demands judgment in his favor and against the Defendants in excess of $75,000.00, and specifically in the principal amount of not less than $167, 426.83, plus interest, costs of suit, liquidated damages, attorney fees and for such other and further relief as the Court may deem just and proper and are permitted under Pennsylvania or Common Law.

## SECOND CLAIM FOR RELIEF

### (Quantum Meruit)

### Kaplan v. ASA

39. Paragraphs 1 through 38 above are realleged and incorporated herein by reference.

40. Kaplan performed services to ASA that constitute a benefit on ASA.

41. ASA appreciated those benefits.

42. It would be inequitable for ASA to retain those benefits without adequately compensating Kaplan.

43. The benefits provided by Kaplan are those for which ASA reasonably should expect to compensate Kaplan.

WHEREFORE, Plaintiff Naum Kaplan demands judgment in his favor and against the Defendants in excess of $75,000.00, and specifically in the principal amount of not less than $167,426.83, plus interest, costs of suit, and for such other and further relief as the Court may deem just and proper.

### A JURY TRIAL IS DEMANDED

Dated:       June 23, 2015                    Respectfully submitted,


By: */S Julian Neiser*

   Julian Neiser, Esq.
   Cook & Associates
   9380 McKnight Road
   106 Arcadia Court
   Pittsburgh, PA 15237
   PA ID #87306

   Amerjneiser@pittlawyers.com
   412-366-8980 Office